FILED
CLERK, U.S. DISTRICT COURT
2/26/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: KM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN VASQUEZ,<br>aka "Striker,"<br><br>Defendant. | CR 2:26-cr-00100-GW<br><br><u>I N D I C T M E N T</u><br><br>[21 U.S.C. § 841(a)(1), (b)(1)(C): Possession with Intent to Distribute Fentanyl and Cocaine; 21 U.S.C. § 853: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about February 26, 2025, in Los Angeles County, within the Central District of California, defendant IVAN VASQUEZ, also known as "Striker," knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about February 26, 2025, in Los Angeles County, within the Central District of California, defendant IVAN VASQUEZ, also known as "Striker," knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section

JENA A. MACCABE
Assistant United States Attorney
Deputy Chief, Major Crimes Section

DANIEL H. WEINER
Assistant United States Attorney
Transnational Organized Crime
Section